UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
YURY GOKHBERG and VICTOR MONTANEZ,
*on behalf of themselves and all others similarly situated,*

                            *Plaintiffs,*

   - against -                               Civil No. 11 Civ. 9228 (LTS)(THK)

M&T BANK CORPORATION,

                            *Defendant.*
_____

## JOINT PRELIMINARY PRE-TRIAL STATEMENT

       In accordance with this Court's Initial Conference Order (Docket No. 5), counsel for Plaintiffs Yuri Gokhberg and Victor Montanez ("Plaintiffs") and counsel for Defendant M&T Bank Corporation ("M&T" or "Defendant") respectively submit the following Joint Preliminary Pre-Trial Statement.

    a.    **A concise statement of the nature of this action**.

       Plaintiffs allege, and defendants contest, that Plaintiffs and a class of similarly situated employees of Defendant were improperly classified as exempt under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and were suffered or permitted to work by defendants, but were not paid for all time worked, including applicable statutory rate for overtime work.

    b.    **A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

Plaintiffs' Statement.

       Jurisdiction is invoked pursuant to 28 U.S.C. § 331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2001, and under 29 U.S.C. § 216(b) of the FLSA.

       The Court also has supplemental jurisdiction over plaintiffs' state law claims because those claims are related to plaintiffs' FLSA claims as they arise out of the same case or controversy.

Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. 1391 (b) and (c) because, among other reasons, the defendant is a resident of and does business in this district.

Defendant's Statement.

M&T does not dispute that this Court has federal question jurisdiction over the Plaintiffs' FLSA claim. M&T reserves it right to object to this Court's exercise of supplemental jurisdiction (pursuant to 28 U.S.C. Section 1367) over the Plaintiffs' NYLL claim.

  c. **A concise statement of all material uncontested or admitted facts.**

    1. Named Plaintiff Yuri Gokhberg worked from approximately October 2008 to approximately May 2010.

    2. Named Plaintiff Victor Montanez worked from approximately October 1995 to approximately late August 2011.

  d. **A concise statement of all uncontested legal issues**.

The parties agree that all legal issues are contested, unless otherwise provided in this statement.

  e. **A concise statement of all legal issues to be decided by the Court**.

Based on the information available to the parties at this early stage, the parties believe that the legal issues to be decided by the Court include those set forth below. The parties recognize that additional legal issues may arise as the case moves forward.

Plaintiffs' Statement.

    1. Whether Plaintiffs were similarly situated to a class of current and former employees of defendant with the job title of loan originator, mortgage consultant, mortgage originator, or any position for which similar job duties were perform, who were classified as exempt by defendants.

Defendant's Statement.

    1. Whether the Plaintiffs may pursue their FLSA claim as a collective action under 29 U.S.C Section 216, and if so, the appropriate scope of any putative collective action.

    2. Whether decertification of any conditionally certified FLSA collective action is warranted.

    3.    Whether the Plaintiffs may pursue their NYLL claim as a class action under Federal Rule 23, and if so, the appropriate scope of any putative class action.

    4.    Whether the Plaintiffs were exempt from the overtime provisions of the FLSA and the NYLL pursuant to the administrative exemption, the outside sales exemption, the highly compensated exemption, and/or a combination of such exemptions.

    5.    If the Court certifies this case as a collective action or a class action, whether class members were exempt from the overtime provisions of the FLSA and the NYLL pursuant to the administrative exemption, the outside sales exemption, the highly compensated exemption, and/or a combination of such exemptions.

    6.    Whether the Plaintiffs have named the wrong party as a Defendant.

    7.    Whether the Plaintiffs were ever employees of the Defendant.

    8.    If the Court certifies this case as a collective action or a class action, whether class members were ever employees of the Defendant.

    9.    Whether the actions taken by the Defendant with respect to the Plaintiffs, and/or the individuals with whom the named Plaintiffs claim to be similarly situated, resulted from good-faith reliance on a written administrative regulation, order, ruling, and/or administrative practice or enforcement policy.

    10.    Whether the Plaintiffs can meet their burden of proof on their FLSA and NYLL claims.

    11.    Whether the Defendant can meet its burden of proof on the affirmative defenses stated in its Answer.

    f.    **Each party's concise statement of material disputed facts.**

Plaintiffs' Statement.

    1.    Whether Plaintiffs were compensated for all time suffered or permitted to work, including work performed in excess of 40 hours in a week and at the applicable statutory rate; and

    2.    The number of hours the Plaintiffs, and those similarly situated, worked on a weekly basis.

Defendant's Statement.

1. The nature of Yuri Gokhberg's job duties, and the manner in which he performed such duties, including but not limited to: whether Mr. Gokhberg's primary job was to sell mortgages and other loan products; whether Mr. Gokhberg had control or discretion over the loan products that potential borrowers qualified for or the terms of those loan products; whether Mr. Gokhberg had authority or discretion to approve or disapprove loan products; whether Mr. Gokhberg's job duties included the exercise of discretion and independent judgment with respect to matters of significance; where Mr. Gokhberg performed his job duties.

2. The nature of Victor Montanez's job duties, and the manner in which he performed such duties, including but not limited to: whether Mr. Montanez's primary job was to sell mortgages and other loan products; whether Mr. Montanez had control or discretion over the loan products that potential borrowers qualified for or the terms of those loan products; whether Mr. Montanez had authority or discretion to approve or disapprove loan products; whether Mr. Montanez's job duties included the exercise of discretion and independent judgment with respect to matters of significance; where Mr. Montanez performed his job duties.

3. The nature of potential class members' job duties, and the manner in which potential class members performed such duties, including but not limited to: whether class members' primary job was to sell mortgages and other loan products; whether class members had control or discretion over the loan products that potential borrowers qualified for or the terms of those loan products; whether class members had authority or discretion to approve or disapprove loan products; whether class members' job duties included the exercise of discretion and independent judgment with respect to matters of significance; where class members performed their job duties.

4. The number of hours worked by Mr. Gokhberg.

5. The number of hours worked by Mr. Montanez.

6. The number of hours worked by potential class members.

7. The nature and extent of Mr. Gokhberg's compensation.

8. The nature and extent of Mr. Montanez's compensation.

9. The nature and extent of compensation to potential class members.

10. Whether the requirements for collective action certification under the FLSA are satisfied.

11. Whether the requirements for class certification under Federal Rule 23 are satisfied.

    g. **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law <u>intended to be relied upon by such plaintiff or counterclaimant.</u>**

Plaintiffs allege that defendant willfully violated the FLSA, 29 U.S.C. § 201 *et seq.* and the NYLL.

    h. **Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority <u>intended to be relied on by such party</u>.**

In support of its defenses, M&T relies on the FLSA, 29 U.S.C. Section 201 *et seq.*, the NYLL, Section 650 *et seq.*, Federal Rule 23, decisional law interpreting the FLSA and the NYLL, and administrative regulations, orders, and opinions interpreting the FLSA and the NYLL.

    i. **A concise statement of the measure of proof and on whom the burden of <u>proof falls as to each cause of action or defense</u>.**

<u>Plaintiffs' Statement</u>

Plaintiffs must prove by a preponderance of credible evidence each element of their allegations of violations of law.

In accordance with the guidance set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), employers are legally obligated to keep adequate and accurate records that reflect the actual time an employee worked and the amount of wages that an employee was paid. When an employer fails to keep adequate or accurate time and payroll records, an employee is able to meet his burden of proof on an unpaid wage claim by proving the amount and extent of the employee work as a matter of a just and reasonable inference.

<u>Defendant's Statement</u>.

The Plaintiffs bear the burden of proof on their FLSA and NYLL claims. The Defendant bears the burden of proof on its affirmative defenses. The Defendant disagrees

with the Plaintiffs' characterization of *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

    **j.**    **Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed <u>deadlines therefor</u>.**

<u>Plaintiffs' Position.</u>

At this time, the Plaintiffs do not anticipate amending the pleadings. However, Plaintiffs reserve the right to do so following the Court's rulings on plaintiffs' anticipated certification motions.

<u>Defendant's Position.</u>

The Defendant proposes that the deadline to seek to amend pleadings should be: (i) ten (10) days after the deadline to opt-in to this lawsuit, if the Plaintiffs' motion for conditional certification is granted; or (ii) ten (10) days after the Court issues a decision denying that motion. Either party may seek the other's consent to amend, and/or file a motion to amend, at an earlier date.

The Defendant is contemplating a motion to dismiss under Federal Rule of Civil Procedure 12(c) for failure to plead under Rule 8 and Bell *Atlantic Corp. v. Twombly*. If it chooses to file such a motion, it will do so promptly.

    **k.**    **A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including <u>trial (without identifying which parties have or have not so consented)</u>.**

The parties do not presently consent to transfer this case to a Magistrate Judge for all purposes, including trial.

    **l.**    **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. <u>26(a)(1) were made or will be made</u>.**

<u>Plaintiffs' Position.</u>

The Plaintiffs propose that the parties exchange Rule 26(a)(1) Disclosures on behalf of the claims of all putative class members by October 19, 2012. The Plaintiffs request no other changes to the timing, form, or requirements for disclosures under Rule 26(a)(1).

<u>Defendant's Position.</u>

The Defendant proposes that the parties exchange Rule 26(a)(1) Disclosures on October 19, 2012 with respect to the Named Plaintiffs' claims and defenses to such claims. The Defendant objects to Rule 26 disclosures, or other discovery, that would require the Defendant to disclose information relating to the purported substantive claims of unidentified, potential class members. The Defendant cannot meaningfully engage in such discovery prior to a ruling on conditional certification. The Defendant does not know the scope or membership of the alleged class.

    m.    **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

Plaintiffs' Position.

Plaintiffs anticipate filing a motion for conditional certification as soon as practicable but no later than 60 days following the Rule 16 conference. Should the Court grant plaintiffs' motion for conditional certification, all fact discovery would close six (6) months after the close of the opt-in period. Plaintiffs reserve the opportunity to revisit the length of discovery needed following the Court's ruling on plaintiffs' motion for conditional certification.

Defendant's Position.

The Defendant believes that discovery may be needed with respect to the disputed material facts and legal issues set forth above. Because the Plaintiffs assert individual claims and seek to proceed on behalf of "similarly situated" employees under the FLSA and Federal Rule 23, the Defendant proposes a phased discovery plan.

Pursuant to this phased discovery plan, before the Court issues a decision on the Plaintiffs' motion for conditional certification under the FLSA, discovery should be limited in scope. The Defendant should not be required to engage in discovery relating to the purported substantive claims of unidentified, potential class members. The Defendant cannot meaningfully engage in such discovery prior to a ruling on conditional certification. The Defendant does not know the scope or membership of the alleged class.

If the Court grants the Plaintiffs' motion for conditional certification, all fact discovery would close seven (7) months after the close of the opt-in period. If the Court denies the Plaintiffs' motion for conditional certification, all fact discovery would close sixty (60) days after the Court issues its ruling.

If the Court grants the Plaintiffs' motion for conditional certification, the Defendant anticipates filing a motion for decertification of the conditionally-certified class. The Defendant proposes to file that motion thirty (30) days after the close of fact discovery.

    n.    **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

The parties propose that each party disclose Rule 26 expert reports, addressing the issues on which the party bears the burden of proof, thirty (30) days before the close of fact discovery. Rebuttal expert reports shall be served 30 days after service of opening reports. All expert discovery shall close thirty (30) days after service of rebuttal expert reports (which is also 45 days after the close of fact discovery).

o. **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

At this time, the parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Court, or any other limitations. If the Court grants plaintiffs' anticipated motions for conditional certification or Rule 23 certification, then the parties may revisit this issue and request changes to the limitations on discovery imposed by the rules.

p. **The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement must not disclose to the Court specific settlement offers or demands.**

Counsel for the parties have engaged in detailed discussions about the possibility of settlement. They intend to continue their discussions in the near future.

q. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

Both parties have requested a jury trial. The length of trial depends upon whether this case proceeds as a collective action or an action by individual plaintiffs. If the case proceeds to trial with only the Named Plaintiffs seeking relief, counsel anticipate a 5-day trial. If this case proceeds to trial as a collective and/or class action, the expected length of trial will be 14 days.

r. **Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The parties are negotiating the terms a proposed Protective Order pursuant to Federal Rule of Civil Procedure 26(c). The parties will submit that proposed order to the Court as soon as practicable.

The parties reserve the right to modify or supplement the above disclosures during the course of litigation.

Respectfully Submitted,

Dated: September 21, 2012

| | |
|---|---|
| /s/ Patrick J. Solomon | **HODGSON RUSS LLP** |
| Patrick J. Solomon, Esq. | *Attorneys for Defendant M&T Bank Corporation* |
| THOMAS & SOLOMON LLP | |
| 693 East Avenue | By *s/Robert J. Fluskey, Jr.* |
| Rochester, NY 14607 |    Robert J. Lane, Jr. |
| Telephone:  (585) 272-0540 |    Robert J. Fluskey, Jr. (admitted *pro hac vice*) |
| psolomon@theemploymentattorneys.com | The Guaranty Building |
| *Attorneys for Plaintiffs* | 140 Pearl Street, Suite 100 |
| | Buffalo, New York 14202 |
| | Telephone: (716) 856-4000 |
| | *rlane@hodgsonruss.com* |
| | *rfluskey@hodgsonruss.com* |
| | *rlucinski@hodgsonruss.com* |